BERANEK, JOHN R., Associate Judge.
This is an appeal from an order revoking defendant’s probation after which he was sentenced to five years in prison. The violation of probation was based on an alleged sexual battery in which defendant used a gun. Two technical violations of probation regarding failure to pay a fine and a Public Defender’s lien are also involved. The defendant does not question the violation of probation and the findings of the court as to the sexual battery. The appeal is directed solely at the technical violations based on an argument that the court did not specifically find appellant was able to pay the amounts required. We have reviewed the evidence, and although the trial court did not make a finding as to defendant’s ability to pay, we find that sufficient evidence is present in the record to support such a finding. We also note that the evidence was overwhelmingly supportive of the court’s findings regarding sexual battery. Defendant was arrested while in the act of committing the battery. Defendant was, at that time, on probation for the crime of carrying a concealed weapon. The factual circumstances surrounding the prior concealed weapon charge were strikingly similar to the factual circumstances surrounding the present sexual battery charge.[1]
*276 In view of the severity of the substantive offense, we find that the appeal solely on the basis of technical violations is frivolous. In view of the particular circumstances of this case, we do not fault the office of the Public Defender for taking this appeal, but we find it to be frivolous.[2]
Based upon this finding, the appeal is hereby dismissed.
APPEAL DISMISSED.
DAUKSCH, J., and ANSTEAD, HARRY L., Associate Judge, concur.

. The initial charge of carrying a concealed weapon grew out of factual circumstances where defendant was seen by a witness dragging a screaming female down a city street. *276 The police arrived and arrested defendant who was found in possession of a concealed hand gun. As a result of this incident he was charged with carrying a concealed weapon and pled guilty to the charge. He was placed on three years’ probation as a result. The present sexual battery charge grew out of circumstances where a cab driver reported seeing defendant dragging another screaming female down a city street. The police arrived, contacted the cab driver, and immediately went down an alleyway near some vacant homes. The police heard a female screaming and found the defendant in the act of committing a sexual battery upon the victim. A gun was found next to the defendant.

. Immediately after defendant’s violation of probation hearing, defendant returned to his cell and wrote the trial judge a letter complaining of alleged incompetency of counsel. The trial court considered this letter as a motion to vacate sentence pursuant to Rule of Criminal Procedure 3.850. The motion to vacate was denied in an order wherein the trial court discussed the overwhelming proof against the defendant and the fact that defense counsel had done everything possible in defense of the charge. In a later order considering the question of bond pending appeal, the trial court found that the appeal was frivolous in view of the substantive offense and the overwhelming proof.